State v. Fox

Affirmed.

Judges HEDRICK and WELLS concur.

STATE OF NORTH CAROLINA v. ROBERT RICHARD FOX

No. 8111SC1297

(Filed 6 July 1982)

1. **Criminal Law § 75.11— reading of rights—request for attorney—subsequent reading of rights and waiver**

The trial court did not err in denying defendant's motion to suppress an out-of-court statement which was made after defendant had been read his Miranda rights in South Carolina, said he understood them and said he thought he needed a lawyer where defendant was driven to North Carolina, taken to the office of a detective where he was read his rights, and where defendant signed a waiver of rights form before making the inculpatory statement.

2. **Criminal Law § 50.1— expert opinion that defendant acting in self-defense—inadmissible**

The trial court did not err in refusing to allow a psychiatrist testifying as an expert witness to give his opinion that the defendant believed he was acting in self-defense since there was nothing in the record to indicate that the witness was better qualified than the jury to judge the defendant's veracity based on all the evidence.

APPEAL by defendant from *Smith, Judge.* Judgment entered 23 July 1981 in Superior Court, LEE County. Heard in the Court of Appeals 25 May 1982.

Defendant was tried on a bill of indictment for murder and armed robbery. He was found not guilty of armed robbery and guilty of voluntary manslaughter. Defendant appeals on evidentiary grounds.

*Attorney General Edmisten, by Associate Attorney Walter M. Smith, for the State.*

*Moretz and Moore, by J. Douglas Moretz and G. Hugh Moore, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] Defendant brings forward two assignments of error for appellate review. He first charges that the trial court committed prejudicial error when it denied his motion to suppress an out-of-court statement allegedly obtained in violation of *Miranda v. Arizona,* 384 U.S. 436 (1966).

Consideration of this assignment of error requires a review of the totality of the circumstances surrounding defendant's statement. *North Carolina v. Butler,* 441 U.S. 369 (1979). Defendant was arrested on 19 January 1981 in South Carolina and was read his *Miranda* rights. He said he understood them. When subsequently questioned, defendant said only that he thought he needed a lawyer. There was no interrogation. Defendant was then driven to Lee County, North Carolina, and taken to the office of Detective Parker of the Sheriff's Department. Detective Parker told defendant that he would get him a lawyer if he wanted one but that a lawyer would only tell defendant not to make a statement. Parker then told defendant there were a couple of questions he wanted to ask. Defendant asked what the questions were. Parker then read defendant the *Miranda* warnings and defendant signed a waiver of rights form before making the inculpatory statement later admitted at trial over defendant's motion to suppress.

We have carefully considered defendant's contentions and concluded that his Fifth Amendment rights were protected in full. His statement was properly admitted into evidence. We tend to agree with defendant that his statement after his arrest in South Carolina that he thought he needed a lawyer was sufficient to prohibit further questioning at that time, although we uphold the finding of the trial court that it fell short of an assertion of the right to counsel. We conclude that defendant's later submission to questioning after again receiving *Miranda* warnings and signing a waiver form constituted an effective waiver of his right to an attorney. We find the cases cited by defendant to be distinguishable in that none involved a situation in which the defendant's challenged statement was made after *Miranda* warnings and a written waiver of rights without an intervening assertion of the right to counsel.

[2]  Defendant's second assignment of error is that the trial court erred in refusing to allow a psychiatrist testifying as an expert witness to give his opinion that the defendant believed he was acting in self-defense. He contends the expert was more qualified than a lay jury to form such an opinion and that his opinion was therefore admissible according to the rule set forth in *State v. Wilkerson*, 295 N.C. 559, 247 S.E. 2d 905 (1978). Although defendant has correctly stated the rule, we do not find error in the trial court's conclusion that it was for the jury to ascertain defendant's motive for the killing. Defendant's expert certainly was qualified to give an opinion as to his mental capacity and any mental disorders he may have identified, and the record shows he was permitted to do so. Indeed, the psychiatrist was permitted to testify that defendant had told him he had acted in the belief that the victim was going to kill him and that he had been frightened. We find nothing in the record to indicate that the witness was better qualified than the jury to judge the defendant's veracity based on all the evidence.

In the trial of defendant we find

No error.

Judges HEDRICK and WELLS concur.